UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MACK MATTHEWS ]
    Plaintiff, ]
]
v. ] No. 1:14-0048
] CHIEF JUDGE HAYNES
OFFICER BULLINGTON, et al. ]
    Defendants. ]

# ORDER

Before the Court is a *pro se* prisoner complaint filed under 42 U.S.C. § 1983. (Docket Entry No. 1). The Court granted Plaintiff's application to proceed *in forma pauperis*. (Docket Entry No. 3). The Court, however, must review the complaint to determine whether the complaint is malicious, frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

According to his complaint, Plaintiff alleges that he was assaulted by some gang members at the South Central Correctional Center. Plaintiff requested protective custody but was placed in segregation and was charged with refusing a cell assignment. Plaintiff alleges that he remained in segregation for almost three months. Upon his return to the general prison population, Plaintiff alleges that he was beaten and stabbed six times by gang members. Plaintiff alleges that, by refusing him protective custody, the Defendants violated his right to personal safety. Plaintiff further asserts that he is now in protective custody, but is denied privileges that are available to other segregated inmates.

The Defendants have a constitutional duty to protect the Plaintiff from the harmful conduct

of fellow inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs when a prison official has been deliberately indifferent to the Plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988). Because deliberate indifference could be inferred from the Plaintiff's allegations, the Court concludes that the Plaintiff has stated a colorable claim for relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

**ENTERED** this the ___ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court