IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MACK MATTHEWS #308805, | ) |
| Plaintiff, | ) Case No. 1:14-cv-00048 |
| | ) Chief Judge Haynes |
| v. | ) |
| SENIOR OFFICER BULLINGTON, et al., | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, Mack Matthews, an inmate at South Central Correctional Facility in Clifton, Tennessee, filed this action under 42 U.S.C. § 1983 for damages on his Eighth Amendment claims for the Defendants' alleged failure to protect from an inmate assault.

Before the Court are the Defendant State of Tennessee's motion to dismiss (Docket Entry No. 18) and Defendant Matt Bullington's motion to dismiss (Docket Entry No. 24). As to the Defendant State of Tennessee, as a matter of statutory construction, a State is not a person that can be sued in a Section 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). Thus, the Defendant State of Tennessee's motion to dismiss is **GRANTED** and Plaintiff's claims against the State of Tennessee are **DISMISSED with prejudice**.

As to Defendant Bullington, Plaintiff alleges that after the assault by gang members on June 28, 2013, Plaintiff was "allowed to speak to Senior C/O Bullington" and informed Defendant Bullington of his alleged situation and request protective custody. (Docket Entry No. 1, Complaint at 4). According to Plaintiff, Defendant Bullington responded that he would

1

contact the shift supervisor. Id. Plaintiff then telephoned his wife, who allegedly spoke to Defendant Bullington requesting protective custody for Plaintiff. Id. at 5. Plaintiff's complaint alleges that Defendant Bullington told Plaintiff's wife that Defendant was "waiting on his supervisor to call him and give him a bed assignment." Id. According to his complaint, Plaintiff was placed into segregation for refusing his cell assignment. Id. Plaintiff does not allege the Defendant Bullington to be otherwise involved.

After his segregation from June 28, 2013 through September 19, 2013, Plaintiff was released into general population, but two months after the lockdown ended on December 20, 2013, gang members assaulted Plaintiff. Id. Plaintiff does not allege any involvement of Defendant Bullington in this latter assault. Id. at 5-6.

To survive a motion to dismiss: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). "Threadbare recitals of the elements of a cause of action, supporting by mere conclusory statements, do not suffice." Id. Only "well-pleaded facts, as distinguished from conclusory allegations must be taken as true." LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097 (6th Cir. 1995) (citing Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984)).

Plaintiff does not allege Defendant Bullington had any role in the assaults and expressly alleges that Defendant Bullington did not disregard Plaintiff's request for protective custody after the June 28, 2013 assault. Defendant Bullington contacted his supervisors and waited for a cell assignment for Plaintiff. Within a few hours, Plaintiff was in segregation for nearly three months. Other than on June 28, 2013, Defendant Bullington never had any involvement in the

assault except to assist Plaintiff.

Based upon these allegations, the Court concludes that Plaintiff's complaint does not allege plausible facts that Defendant Bullington was indifferent to or did not take reasonable measures to address the threats to Plaintiff's personal safety. Farmer v. Brennan, 511 U.S. 825 (1994). Thus, the Court concludes Plaintiff has failed to state a claim against the Defendant Bullington.

For these reasons, Defendant Bullington's motion to dismiss (Docket Entry No. 24) is **GRANTED** and Plaintiff's claims against the Defendant Bullington are **DISMISSED with prejudice**.

It is so **ORDERED**.

ENTERED this the 26th day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

3